## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EDDIE SANTANA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-CV-0823-CVE-PJC** |
| | ) | |
| **CRIMINAL COURT OF APPEALS** | ) | |
| **OF OKLAHOMA, HON. GERALD** | ) | |
| **HOFMEISTER, and THE CITY OF TULSA** | ) | |
| **MUNICIPAL COURT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION AND ORDER

Now before the Court is the Motion to Dismiss (Dkt. # 10) filed by defendant, the Honorable

Gerald Hofmeister, a Tulsa Municipal Court judge. Plaintiff claims, <u>inter alia</u>, that he was denied

accommodations as required under the Americans with Disabilities Act, 42 U.S.C. §12101, <u>et seq.</u>

Judge Hofmeister filed this motion to dismiss, claiming judicial immunity from suit.

### I.

A motion to dismiss is properly granted when it appears beyond doubt that plaintiff could

prove no set of facts entitling him to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957);

<u>Ramirez v. Department of Corrections</u>, 222 F.3d 1238, 1240 (10th Cir. 2000).  For purposes of

making this determination, a court must accept all the well-pleaded allegations of the complaint as

true and must construe them in the light most favorable to the plaintiff.  <u>Id.</u>  However, the Court

need not accept as true those allegations that are conclusory in nature. <u>Erikson v. Pawnee County</u>

<u>Board of County Commissioners</u>, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted).  "The

issue is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence

to support its claims." <u>Cooper Mfg. Corp. v. Home Indem. Co.</u>, 131 F. Supp. 2d 1230, 1232 (N.D. Okla. 2001).

## II.

The longstanding doctrine of judicial immunity provides broad protection from civil suit to individuals operating in a judicial capacity.  <u>See</u>, <u>e.g.</u>, <u>Whitesel v. Sengenberger</u>, 222 F.3d 861, 867 (10th Cir.  2000).  A judicial officer is not "deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978); <u>Lundahl v. Zimmer</u>, 296 F.3d 936, 939 (10th Cir. 2002).

The Court is without benefit of all of the facts in this case.  It appears from the joint status report filed by the parties on January 20, 2005 that Judge Hofmeister presided over the Tulsa Municipal Court proceeding in which plaintiff was tried for repeated failure to pay a parking meter. Plaintiff seeks to hold Judge Hofmeister responsible for the outcome of that proceeding. Additionally, plaintiff claims that Judge Hofmeister denied his request for a waiver of document acquisition fees, thereby hindering his ability to pursue an appeal with the Oklahoma Court of Criminal Appeals.

The Court holds that both of these actions were  part of Judge Hofmeister's judicial duties and were well within the scope of his jurisdiction.  Absolute judicial immunity attaches, and plaintiff may not pursue a civil action against Judge Hofmeister for these acts.  Judge Hofmeister's motion to dismiss plaintiff's claims against him is, therefore, granted.  <u>See</u> <u>Calderon v. Kansas Dep't of</u>

<u>Social & Rehabilitation Services</u>, 181 F.3d 1180, 1184 (10th Cir. 1999) (dismissing plaintiff's action against judge when judge allegedly asked inappropriate questions during a judicial proceeding).[1]

**IT IS THEREFORE ORDERED** that defendant Judge Gerald Hofmeister's motion to dismiss (Dkt. # 10) is hereby **granted**.

**IT IS FURTHER ORDERED** that defendant Hofmeister's request for attorneys' fees is **denied**.

**IT IS FURTHER ORDERED** that this is a final order terminating this case as plaintiff has failed to properly serve any other defendant within the statutory time period.

**DATED** this 1st day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1]     The three authorities cited by plaintiff do not contradict the legal proposition that judges may not be held liable for their judicial acts.  Rather, they are Oklahoma cases which make no mention of the doctrine of judicial immunity.  They do not provide grounds for this Court to depart from the well-established principles of immunity outlined above.